UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS                                                             CIVIL ACTION

VERSUS
                                                                                    NO. 12-CV-00747-BAJ-RLB
J.P. MORGAN CHASE BANK, N.A.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 10, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN LEWIS | CIVIL ACTION |
| VERSUS | NO. 12-cv-00747-BAJ-RLB |
| J.P. MORGAN CHASE BANK, N.A. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a referral of Plaintiffs' Motion to Remand. (R. Doc. 2). Plaintiff's Motion to Remand is opposed. (R. Doc. 4). This matter was removed on the basis of diversity jurisdiction. (R. Doc. 1). The issue before the court is whether jurisdiction is proper.

I.  PROCEDURAL BACKGROUND

On or about October 30, 2012, Plaintiff, Brian Lewis ("Plaintiff"), filed the instant matter against Defendant, J.P. Morgan Chase Bank, N.A. ("Defendant" or "Chase") in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, under Docket Number C616609. (Pl.'s Pet., R. Doc. 1-1). The cause of action alleged in his petition is that he has been "discriminated as a customer" by Chase and has had his name defamed "with lies of sexual harassment." (R. Doc. 1-1). Plaintiff further requested that certain women, presumably employees of Chase, be fired. (R. Doc. 1-1). As a result of the alleged acts of Chase, the plaintiff is seeking monetary damages from $50,000 to $5,000,000. (R. Doc. 1-1). On November 27, 2012, Defendant removed the case to federal court based on diversity jurisdiction. (Notice of Removal, R. Doc. 1).

This is not the first time these parties have been in this court. On August 9, 2012, plaintiff filed a complaint in the Middle District of Louisiana for essentially the same set of facts. *Lewis v. J.P. Morgan Chase Bank*, No. 12-487-JJB-DLD (M.D. La. Aug. 10, 2012). In that

1

action, Plaintiff also sought to proceed in forma pauperis. (No. 12-487, ECF No. 2). In his previous Complaint, however, Plaintiff did not allege diversity of citizenship or seek monetary damages. The magistrate judge recommended that the suit be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(B)(2) and for failure to allege the requisite damage amount or the citizenship of the parties. (No. 12-487, ECF No. 3). The district judge approved the report and recommendations of the magistrate judge, adopted it as the Court's opinion (No. 12-487, ECF No. 6), and dismissed the case. (No. 12-487, ECF No. 7). Shortly thereafter, the current matter was filed in the 19th Judicial District Court. (R. Doc. 1-1).

## II.   ARGUMENTS OF THE PARTIES

In his Motion to Remand, Plaintiff moves to remand his case back to state court based on the same reasons the previous action was dismissed. (Pl.'s Mot. to Remand, R. Doc. 2). First, Plaintiff argues that remand is warranted based on the district judge's dismissal of his previous case as one "for state court, because it is a state claim." (R. Doc. 2 at 2). A review of that record, however, shows that this is an inaccurate characterization of the basis for the dismissal. (No. 12-487, ECF No. 3 at 4). Second, Plaintiff explains that he wants his case tried in state court "because federal court was very bias to [him] on matter." (R. Doc. 2 at 3). Third, Plaintiff reiterates his assertion that his case is worth anywhere between $50,000 and $5,000,000. (R. Doc. 2 at 2). Finally, Plaintiff objects to the removal as untimely because "30 days had been past on matter." (R. Doc. 2 at 3).

Defendant responds by arguing that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest. (Def.'s Opp., R. Doc. 4 at 3). Second, Defendant asserts that complete diversity exists and points out that this fact is not disputed by

2

Plaintiff. (R. Doc. 4 at 3). Defendant further notes that the amount in controversy, based on the allegations of Plaintiff, is as great as $5,000,000. (R. Doc. 4 at 3). Finally, Defendant submits to the Court that the removal was timely made. (R. Doc. 4 at 4).

## III.  LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

## IV.  DISCUSSION

First, Defendant has satisfied all procedural requirements of removal. The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) (summarizing the procedure for removal established by 28 U.S.C. § 1446). If a state action is removable at the time of filing, a defendant has 30 days from the receipt, "through service or otherwise, of a copy of the initial pleading . . . or within 30 days after service of summons" if service of process is not required, whichever timeframe is shorter. 28 U.S.C. § 1446(b)(1).

Failure to timely file a notice of removal is a defect warranting remand; however, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. §1441, is "strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation").

At the outset, Plaintiff timely filed his Motion to Remand challenging the removal's procedural soundness within 30 days of removal, on December 6, 2012. (R. Doc. 2). Likewise, Defendant timely filed its Notice of Removal. (R. Doc. 1). In this case, the initial pleading was filed in state court on October 30, 2012. (R. Doc. 1-1). Chase states that it was served through its agent for service of process on November 20, 2012. (R. Doc. 4 at 4). The Notice of Removal was filed on November 27, 2012. (R. Doc. 1). Under any calculation, the Notice of Removal was filed within 30 days after the receipt, "through service or otherwise," of a copy of the Petition from which it was first ascertained that the case is one that is removable to federal court. 28 U.S.C. § 1446(b)(1).[1] Accordingly, the removal is timely and procedurally sound.[2]

Second, diversity of citizenship has likewise been established by Defendant. As set forth above, Plaintiff is a citizen of Louisiana and Defendant is a citizen of Ohio. Complete diversity

---

[1] The Court also notes that this suit was removed less than one year after the commencement of the action in state court. 28 U.S.C. § 1441(c)(1) (a state action that later becomes removable may not be removed "more than 1 year after commencement of the action" absent a showing of bad faith).

[2] Although not raised by Plaintiff, the Court notes that Defendant properly removed this action from the 19th Judicial District of Louisiana "to the court of the United States for the district and division embracing" the state court—the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 1441(a).

4

exists pursuant to 28 U.S.C. § 1332(a)(1). Having determined the parties are completely diverse, the Court must next determine whether the requisite amount in controversy is satisfied.

The Court has jurisdiction over Plaintiff's action because the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §1446(c)(2), if removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." However, if the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The removing defendant bears the burden of proof and may do so by: (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support that the amount exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). If the defendant is successful, the plaintiff seeking to remand back to state court must "show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (applying the preponderance of the evidence standard to both plaintiff's and defendant's burdens of proof).

Article 893(A)(1) of Louisiana's Code of Civil Procedure generally prohibits a plaintiff from pleading a "specific monetary amount of damages." Plaintiff's Petition seeks an amount of damages between $50,000 and $5,000,000. Nonetheless, the fact that Plaintiff's damages partially range below the requisite amount in controversy, does not automatically defeat diversity jurisdiction. Instead, the same analysis applied to complaints with unspecified or indeterminate damages under 28 U.S.C. § 1446(c)(2)(B) applies. As discussed above, Defendant may make its

5

showing by pointing to the allegations in the complaint or through summary judgment-type evidence. *Manguno*, 276 F.3d at 723.

Defendant argues that the amount in controversy is satisfied based on the claims and injuries alleged in Plaintiff's Petition. (R. Doc. 4 at 3). According to his Petition, Plaintiff claims damage to his reputation, anxiety, mental anguish, stress and personal humiliation for Defendant's alleged defamation and customer-based discrimination. (R. Doc. 1-1). The Court agrees with Defendant.

Louisiana law allows the recovery of both special and general damages for defamation. *See, e.g., Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961) (a federal court sitting in diversity "must . . . look to state law to determine the nature and extent of the right to be enforced"); *Connor v. Scroogs*, 821 So.2d 542, 552 (La. App. 2d Cir. 6/12/02) (In an action for defamation: "General damages may include injury to reputation, personal humiliation, embarrassment, mental anguish, anxiety and hurt feelings."); *Bellard v. American Cent. Ins. Co.*, 980 So.2d 654, 674 (La. 4/18/08) ("General damages are those . . . which cannot be definitely measured in monetary terms.") (quotations and citations omitted); *Kaiser v. Hardin*, 953 So.2d 802, 810 (La. 4/11/07) ("Special damages are those which have a ready market value, . . . [that] may be determined with relative certainty, including medical expenses and lost wages.") (quotations and citations omitted). A review of Louisiana's jurisprudence reveals that "[d]amages for defamation in reported cases run from nominal to $150,000." *Steed v. St. Paul's United Methodist Church*, 728 So.2d 931, 942 (La. App. 2 Cir. 2/24/00) (upholding jury's award of $90,000 in defamation claim) (internal citations omitted); *see also McHale v. Lake Charles American Press,* 390 So.2d 556 (La. App. 3d Cir.1980), *cert. denied*, 452 U.S. 941 (1981) ($150,000).

Notwithstanding the unlikelihood of Plaintiff recovering $5,000,000 in damages, the Court finds that Plaintiff has claimed a cause of action with an amount in controversy in excess of $75,000.[3] Therefore, jurisdiction exists unless Plaintiff can show, to a legal certainty, that he cannot recover the requisite amount. *De Aguila*, 47 F.3d at 1411. Crucially, Plaintiff does not dispute that the amount in controversy has been satisfied and reiterates in his Motion that his "case is worth anywhere from 50,000 to 5 million from each defendant on matter." (R. Doc. 2 at 2). As such, the Court agrees with Defendant that all substantive and procedural prerequisites for diversity jurisdiction are met.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 2) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 10, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court, of course, takes no position regarding the merits of such allegations and whether this action should or should not be dismissed for reasons other than diversity jurisdiction.