UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS                                                    CIVIL ACTION

VERSUS                                                         NO. 12-747-BAJ-RLB

JP MORGAN CHASE BANK, N.A.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE

Before the Court is Plaintiff's Motion for Leave to Amend Complaint, Proceed In Forma Pauperis, Issue Subpoenas and Expedite the Court's ruling by or before June 28, 2013. (R. Doc. 33). Although seeking multiple forms of relief, these are all raised in a single filing. Plaintiff seeks leave to amend his Complaint to include a cause of action for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, against existing Defendant, JP Morgan Chase Bank, N.A. ("Chase") and two potential defendants, Jennifer Sikes and Chanel A. Robertson, both employees of Chase. (R. Doc. 33-1).[1] Additionally, Plaintiff wishes to proceed in forma pauperis for service of his Amended Complaint. Finally, Plaintiff moves the Court to subpoena or otherwise issue discovery "to find out women's names of who accuse[d]" him of sexual harassment and assault. (R. Doc. 33 at 1). Finally, Plaintiff asks that the

---

[1] The Amended Complaint does not clearly indicate which of the laws enforced by the EEOC Plaintiff wishes to sue under. *See, e.g.,* 29 C.F.R. §§ 1601.1, 1621.1, 1626.1 (The EEOC administers and enforces Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Genetic Information Nondiscrimination Act of 2008, the Equal Pay Act of 1963 and the Age Discrimination in Employment Act of 1967). The exhibits attached to Plaintiff's Amended Complaint include a charge of sex discrimination and retaliation. (R. Doc. 33-1 at 9-12). That charge, however, was filed against a respondent other than Chase, but alleges the same conduct as the Amended Complaint. (R. Doc. 33-1 at 12) (attached charge is filed against "a different company on matter."). It appears Plaintiff wishes to sue for violations of Title VII based on the charge attached to the Amended Complaint. *See* 42 U.S.C. §§ 2000e-2(a), -3(a) (prohibiting discrimination on the basis of sex and retaliation). Regardless of which law Plaintiff alleges violations of, the Court's analysis and resolution of Plaintiff's Motion for Leave to Amend Complaint remains the same because each requires the existence of an employment relationship. *See, e.g.,* 42 U.S.C. §2000e(f) (definition of "employee" under Title VII); 29 U.S.C. § 630(f) (ADEA); 42 U.S.C. § 12111(4) (ADA); 29 U.S.C. § 203(e)(1) (EPA); 42 U.S.C. § 2000ff(2) (GINA); EEOC Compl. Man. § 2-III(A) (covered parties).

1

Court expedite its ruling on or before June 28, 2013.[2] For the reasons given below, Plaintiff's Motion for Leave is **DENIED** on all grounds.

I.  LAW AND ANALYSIS

    A.  Leave to Amend Complaint and to Proceed In Forma Pauperis for Service

Plaintiff filed a charge of discrimination against Chase with the U.S. Equal Employment Opportunity Commission ("EEOC"). (R. Doc. 33-1 at 6). Because Plaintiff failed to attach his actual charge of discrimination, it is unclear when he filed the charge and what conduct the charge alleged. Nonetheless, Plaintiff has provided his Notice of Right to Sue Letter, dated May 16, 2013. (R. Doc. 33-1 at 6). Within 90 days of receiving his Right to Sue, Plaintiff moved for leave to file his Amended Complaint. 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"). In his Amended Complaint, Plaintiff alleges that Chase and its employees, Jennifer Sikes and Chanel A. Robertson, engaged in bias and discriminatory conduct by closing his bank account. (R. Doc. 33-1 at 1).

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request

---

[2] This is the date that he filed the instant motion and Plaintiff's request for a ruling that same day would not have given the Court the opportunity to consider whether the other relief requested by Plaintiff was appropriate. Therefore, his request to expedite this ruling on or before June 28, 2013 is denied.

for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations omitted).

In determining whether to grant leave, the court may consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Denial of leave to amend on the basis of futility is "premised . . . on the court's evaluation of the amendment as insufficient to state a claim" upon which relief could be granted. *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," applies to determining futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(b)(6) (defendant may move to dismiss for "failure to state a claim upon which relief can be granted"). A proposed complaint is legally insufficient "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Props., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). By its very terms, Title VII applies only in the employment context. *See Hishon v. King & Spalding*, 467 U.S. 69, 74 (1984) ("Once a contractual relationship of employment is established, the provisions of Title VII attach and govern certain aspects of that relationship."). Therefore, in order to state a cause

3

of action, the legal relationship between Plaintiff and Defendant must be one of employer-employee.

Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).[3] The statute defines "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Assuming Chase generally qualifies as an "employer" under the statute, the deciding question before the Court is whether Plaintiff is "an individual employed" by Chase—i.e., whether an employment relationship exists to trigger the provisions of Title VII. *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (court must first determine if defendant meets statutory definition of employer and then must "analyze whether an employment relationship exists between the plaintiff and the defendant").

Plaintiff does not suggest, argue or represent that Chase is his employer. Throughout this litigation, Plaintiff has represented that he is or was a banking customer of Chase. In fact, the discriminatory conduct described in his Amended Complaint includes allegations that Chase "close[d] down [his] bank account" and will no longer allow him to bank with Chase. (R. Doc. 33-1 at 1). The EEOC reached the same conclusion after its investigation and explained it was closing "its file on this charge" because "[n]o [e]mployee/[e]mployer [r]elationship" existed between Plaintiff and Chase. (Pl.'s Dismissal & Notice of Rights, R. Doc. 33-1 at 6). Because Plaintiff is a customer and has no employment relationship with Chase, his Amended Complaint is futile as it fails to state a cause of action under Title VII or any other laws enforced by the EEOC. *See, e.g., Bender v. Suburban Hosp.*, 159 F.3d 186, 190 (4th Cir. 1998) (patient could not

---

[3] The term "person" includes "partnerships, associations [and] corporations," among other entities. 42 U.S.C. § 2000e(a).

sue doctor under Title VII because a "patient is a doctor's customer, not his employer"); *Townes v. Finkelstein*, 178 F. Supp. 2d 1045, 1047 (E.D. Mo. 2001) (dismissing claim "because Plaintiff alleges she is a customer of Defendants and not an employee, she has failed to state a claim under Title VII"); *Neal v. Home Depot U.S.A., Inc.*, No. 11-1436, 2012 WL 398620, at *2 (N.D. Tex. Jan. 5, 2012) (finding that judgment was appropriate for defendant because "Title VII provides a cause of action for employees whose rights have been violated by their employer. Plaintiff was not an employee of Home Depot. Rather, he was a customer.").

Likewise, Plaintiff's Amended Complaint also fails to state a claim against potential defendants, Jennifer Sikes and Chanel A. Robertson, both employees of Chase. (R. Doc. 33-1). It is well settled in the Fifth Circuit that there is no individual liability for employees under Title VII or any other laws enforced by the EEOC. *See, e.g., Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("individuals who do not otherwise qualify as an employer cannot be held liable for a breach of Title VII."); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (Fifth Circuit "does not interpret the statute as imposing individual liability for such a claim"); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002) (recognizing the term employer does include "any agent" of an employer, but explaining "Congress's purpose was merely to import *respondeat superior* liability into Title VII."). As individual employees of Chase, Jennifer Sikes and Chanel A. Robertson are not subject to liability.

Even if, purely for the sake of argument, Plaintiff could establish an employment relationship between Plaintiff and Chase, his Amended Complaint is still not cognizable under Title VII. Plaintiff claims to have been wrongfully accused of sexual harassment and assault. Title VII prohibits an employer from firing, hiring or otherwise allocating the benefits of employment based on an individual's race, sex, national origin, color or religion. 42 U.S.C. §

5

2000e-2(a)(1); *see also Hishon*, 467 U.S. at 75-76 ("Those benefits that comprise the incidents of employment, or that form an aspect of the relationship between the employer and employees, may not be afforded in a manner contrary to Title VII."). However, being accused of sexual harassment, without alleging any adverse action taken because of some protected characteristic, does not state a cause of action under Title VII or any other law enforced by the EEOC. *See, e.g.*, *Balazs v. Liebenthal*, 32 F.3d 151, 155 (4th Cir. 1994) ("An allegation that he was falsely accused of [sexual harassment] which, if true, might have given rise to a claim of employment discrimination based on sex by someone else in no way states a cause of action that plaintiff himself was a victim of discrimination based on his sex."). *Albert v. Edward J. DeBartolo Corp.,* 999 F.2d 539, 1993 WL 272477, at *3 (6th Cir. July 20, 1993) (unpublished table decision) ("Plaintiff's true complaint is that he was wrongfully discharged because of false accusations of sexual harassment, a claim that is not cognizable under Title VII."). Here, Plaintiff makes no allegation that he has been discriminated against because of his race, color, national origin, sex or religion. (R. Doc. 33-1).

Plaintiff also requests leave to proceed in forma pauperis for the purpose of service of the Amended Complaint. Because the Court will not grant leave to file the Amended Complaint, the Plaintiff's request to proceed in forma pauperis for purposes of such service is moot.

### B. Plaintiff's Requests for Subpoenas

Plaintiff also asks this Court to subpoena information regarding the individuals who have accused him of sexual assault and harassment. (R. Doc. 33). The Court will not issue its own subpoena, *sua sponte*, if that is the outcome Plaintiff is after. Plaintiff does not specify who he wishes to subpoena — a party or non-party. (R. Doc. 33). Discovery requests can only be served, without subpoena, upon another party. *See* Fed. R. Civ. P. 33(a)(1) ("a party may serve

on any other party no more than 25 written interrogatories"); Fed. R. Civ. P. 34(a) ("[a] party may serve on any other party a request" for the production of documents); Fed. R. Civ. P. 36(a)(1) ("a party may serve on any other party a written request to admit"). Discovery seeking information from a nonparty, however, must comply with the subpoena requirements of Rule 45 of the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 45 (explaining the procedures for subpoenaing information from nonparties); *Dykes v. Maverick Motion Picture Group, L.L.C.*, No. 08-00536, 2010 WL 4181448, at *3 (M.D. La. Oct. 20, 2012) ("where a party seeks to obtain discovery from a nonparty, a subpoena must be served along with the discovery pleading").

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint has failed to allege a cause of action and **IT IS ORDERED** that his Motion for Leave to Amend Complaint is **DENIED** as futile. Additionally, Plaintiff's Motion for Leave to Proceed In Forma Pauperis for service of his Amended Complaint is **DENIED** as moot.

To the extent that Plaintiff seeks discovery from nonparties, **IT IS ORDERED** that his Motion is **DENIED** for his failure to comply with the subpoena requirements of Rule 45. If Plaintiff wishes to obtain information from a party to the suit, his Motion is **DENIED** for his failure to comply with the discovery provisions of the Federal Rules of Civil Procedure. The Court refers Plaintiff to its discussion of those provisions in its previous Order (R. Doc. 19) denying his Motion to Compel (R. Doc. 5).

Signed in Baton Rouge, Louisiana, on July 16, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**