UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS                                                     CIVIL ACTION

VERSUS                                                     NO. 12-747-SDD-RLB

JP MORGAN CHASE BANK, N.A.

## RULING

Before the Court is Plaintiff's Motion for Leave to Amend (R. Doc. 87) his Complaint to assert new claims against new Defendants and Plaintiff's Motion to Expedite the Court's ruling by October 21, 2013 (R. Doc. 87). The current claim before the Court is asserted against Defendant, J.P. Morgan Chase Bank ("Chase"), for defamation. Specifically, Plaintiff alleges that several female employees of Chase accused him of sexual harassment, resulting in defamation of his character.

Plaintiff now seeks to join as an additional Defendant, the Baton Rouge Police Department. (R. Doc. 87). Plaintiff alleges that the BRPD engaged in an "illegal search on me, false[ly] accused me of theft, embarrassment in front of other people searching me on job, threat of not wanting to free me until cell phone was found, conspiracy with lady customer, racism, defamation . . . [and] false arrest." (R. Doc. 87). No further detail or information is otherwise provided in Plaintiff's Amended Complaint.

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).

Rule 20 of the Federal Rules of Civil Procedure generally allows a plaintiff to join two or more defendants when a right to relief is asserted that arises "out of the same transactions or occurrence" and contains common "questions of law or fact." Fed. R. Civ. P. 20.

Plaintiff does not explain how his claims in the current suit against Chase are related to those asserted against the Baton Rouge Police Department. Nothing in the proposed Amended Complaint suggests that these new claims "arise out of the same transaction or occurrence" or contain common "questions of law or fact." Fed. R. Civ. P. 20. Likewise, the Court is unable to consider whether these are "Persons Required to Be Joined" pursuant to Rule 19(a). In fact, Plaintiff's factually barren Amended Complaint only indicates that his new claims are wholly unrelated to the claims pending before this Court. Additionally, Plaintiff has not alleged the citizenship of the new parties and therefore the Court is unable to consider whether jurisdiction would be proper pursuant to 28 U.S.C. § 1447(e). Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint (R. Doc. 87) is **DENIED**[1] and because October 21, 2013 has passed, Plaintiff's Motion to Expedite (R. Doc. 87) the Court's ruling on his Motion for Leave to Amend is **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on October 30, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff has also failed to attach any proposed amended pleading for the Court to consider.