UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS

CIVIL ACTION

VERSUS

NO. 12-00747-SDD-RLB

J.P. MORGAN CHASE BANK, N.A.

## RULING

Before the Court is the Plaintiff, Brian Lewis', *Motion to Overrule*[1] and *Appeal of Magistrate Judge Decision*[2]. The Plaintiff's Motions to Overrule and Appeal relates to the following *Orders* and *Rulings*:

1) *Order*[3] denying as premature "motion for extension of time on request about subpoenas"[4];

2) *Ruling*[5] denying as futile Plaintiff's *Motion for Leave to Amend Petition*[6] and related motion to expedite consideration;

3) *Ruling*[7] denying *Motion for Leave to File Amended Complaint*[8] and denying as moot Plaintiff's *Motion to Expedite*[9];

4) *Ruling*[10] denying Plaintiff's *Motion to Amend Complaint*[11] and related *Motion to Expedite*[12].

---

[1] Rec. Doc. 95.
[2] Rec. Doc. 96.
[3] Rec. Doc. 91.
[4] Rec. Doc. 44.
[5] Rec. Doc. 92.
[6] Rec. Doc. 53 and 56.
[7] Rec. Doc. 93.
[8] Rec. Doc. 85.
[9] Rec. Doc. 85.
[10] Rec. Doc. 94.
[11] Rec. Doc. 87.
[12] Rec. Doc. 87.

Plaintiff moves to "overrule" the foregoing orders and rulings and simultaneously Plaintiff seeks an appeal of the Magistrate Judge's foregoing rulings and orders. For the following reasons, the Plaintiff's *Motion to Overrule*[13] is DENIED and the Plaintiff's Appeal[14] of the Magistrate Judge's rulings is also DENIED.

On July 26, 2013 the Plaintiff filed a single motion[15] seeking leave to amend his *Complaint* and an extension of time "about subpoenas". The Magistrate denied as premature the Plaintiff's *Motion for Extension of Time "About Subpoenas"* because the parties had not had a Rule 26(f) discovery conference and because there was no scheduling order in place. The Court finds that the Magistrate's determination is correct and hereby affirms same.

Thereafter, the Magistrate issued a ruling denying the Plaintiff's *Motions for Leave to Amend His Complaint* and related motions to expedite[16]. The Magistrate's denial was on the grounds of futility. After a review of the Magistrate's ruling and applicable case law[17], this Court finds the Magistrate's ruling to be correct. A proposed Complaint is legally insufficient "if there is no set of facts that can be proven consistent with the allegations of the complaint that would entitle the plaintiff to relief."[18] Evaluating the allegations in the proposed amended complaints, the Magistrate correctly determined that the Plaintiff failed to plead any facts which would substantiate a cause of action or any cognizable legal claims. The Magistrate's *Ruling*[19] denying as futile the Plaintiff's motion to amend his complaints is hereby AFFIRMED.

---

[13] Rec. Doc. 95.
[14] Rec. Doc. 96.
[15] Rec. Doc. 44.
[16] Rec. Docs. 53, 55, 56, and 59.
[17] *Rhodes v. Amarillo Hospital District*, 654 F.2d 1148, 1153 (5th Cir. 1981).
[18] *Power Entertainment, Inc. v. National Football League Props, Inc.*, 151 F.3d 247, 249 (5th Cir. 1998).
[19] Rec. Doc. 92.

The Magistrate Judge denied the Plaintiff's *Motion for Leave to Amend*,[20] and Plaintiff's related motion to expedite,[21] seeking to assert new claims against new defendants. Plaintiff sought to add as a defendant the U.S. Post Office and State Farm Insurance Company.[22] In evaluating the Plaintiff's Motion for Leave to Amend, the Magistrate concluded that the Plaintiff failed to plead facts which would suggest that the new claims against the new defendants arose "out of the same transaction or occurrence" and contains common "questions of law or fact". Fed. Rule Civil Proc. 20. The Court also evaluated the proposed amended complaint under Fed. Rule Civil Proc. 19(a) and concluded that the complaint was devoid of facts indicating that the proposed new defendants are "persons required to be joined". Finally, the Magistrate concluded that the Plaintiff failed to allege the citizenship of the proposed additional defendants thereby precluding the Court from being able to determine its jurisdiction. This Court finds that the Magistrate Judge's *Ruling*[23] was correct and proper and the Plaintiff's appeal and motion to overrule are hereby DENIED.

Finally, the Magistrate Judge denied Plaintiff's *Motion for Leave to Amend*[24] and related motion to expedite to assert new claims against Defendant, JPMorgan Chase Bank, for defamation and to join as an additional Defendant the Baton Rouge Police Department alleging, *inter alia*, illegal search and false accusations of theft. In evaluating the proposed amended complaint, the Magistrate Judge correctly concluded that the Plaintiff failed to explain how his claims against Chase are related to the proffered new claims against the Baton Rouge Police Department. Nothing in the

---

[20] Rec. Doc. 85.
[21] *Id.*
[22] Rec. Doc. 85.
[23] Rec. Doc. 93.
[24] Rec. Doc. 87.

Complaint suggested that proposed new claims against the Baton Rouge Police Department arose "out of the same transaction or occurrence" or contained common "questions of law or fact". Fed. Rule Civil Proc. 20. Again, the Complaint was devoid of facts which would indicate that the Baton Rouge Police Department satisfied the requirements of Fed. Rule Civil Proc. 19(a) pertaining to "persons required to be joined". This Court finds that the Magistrate's *Ruling*[25] is correct in all respects and is hereby AFFIRMED.

For the reasons set forth herein, the Plaintiff's *Motion to Overrule*[26] and *Appeal*[27] are hereby DENIED with prejudice.

Baton Rouge, Louisiana, this 31 day of October, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[25] Rec. Doc. 94.
[26] Rec. Doc. 95.
[27] Rec. Doc. 96.