# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS                                           CIVIL ACTION

VERSUS

NO. 12-00747-SDD-RLB

J.P. MORGAN CHASE BANK, N.A.

## ORDER

Before the Court is Defendant JP Morgan Chase Bank, N.A.'s *Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)*.[1] The Motion is unopposed. For the following reasons, the Defendant's Motion is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

On October 30, 2012, *pro se* Plaintiff, Brian Lewis, originally filed this action in the 19th Judicial District Court in East Baton Rouge Parish. Plaintiff brought his suit against Defendant for "anxiety, mental anguish, mental stress, personal humiliation, and injury to his reputation against these bank workers on matter" and that "they have did [him] wrong on my job for the matter."[2] He has further alleged he had been "discriminated as a customer and [had his] named defamation with lies of sexual harassment on matter."[3] As relief, Plaintiff seeks monetary damages and that "these women ... be fired on matter."[4] Subsequently, on November 27, 2012, Defendant timely removed this action to federal court where it is now pending.[5] Over the last four months, Plaintiff has sought leave of court to amend his *Complaint* no less than eight (8)

---

[1] Rec. Doc. 79.
[2] Rec. Doc. 1-1, Exhibit A, Plaintiff's *Petition*.
[3] Rec. Doc. 1-1, Exhibit A, Plaintiff's *Petition*.
[4] Rec. Doc. 1-1, Exhibit A, Plaintiff's *Petition*.
[5] Rec. Doc. 1.

times.[6] The Magistrate Judge denied six (6) of Plaintiff's motions because the proffered amended complaints failed to allege a cause of action.[7] Defendant now seeks a dismissal of Plaintiff's *Complaint* for failure to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD FOR RULE 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[8] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[9] In *Twombly*, the Court explained "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] In order to satisfy the plausibility standard, the plaintiff must show "more

---

[6] Rec. Docs. 33, 53, 55, 56, 59, 85, and 87.
[7] Rec. Docs. 41 and 92. In the remaining two *Rulings*, the Court denied Plaintiff's motion for leave to amend because he failed to explain how his claims against Chase are related to or "arise out the same transaction or occurrence" as those claims against the new entities he sought leave to add as defendants to this lawsuit. Rec. Docs. 93 and 94.
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[9] *Id.*
[10] *Twombly*, 550 U.S. at 555(internal citations and brackets omitted)(hereinafter *Twombly*).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[12] *Twombly*, 550 U.S. at 570.

Case 3:12-cv-00747-SDD-RLB   Document 102   10/31/13   Page 2 of 5

than a sheer possibility that the defendant has acted unlawfully."[13] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[14]

It is also well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[15] And yet, it matters not whether a plaintiff is proceeding pro se or represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[16] "[E]ven when a plaintiff is proceeding pro se, the complaint must contain either direct allegations on every material point necessary to sustain recovery ... or contain allegations from which an inference fairly may be drawn and that evidence on these material points will be introduced at trial."[17] The Court need not "conjure up unplead allegations or construe elaborately arcane scripts to save a complaint."[18]

## III. ANALYSIS

The Court acknowledges that Plaintiff is a *pro se* party. However, the law is very clear that, regardless of whether a party is represented, conclusory allegations alone are insufficient to defeat a motion to dismiss. After reviewing Plaintiff's *Complaint*, the Court finds that it consists of nothing more than conclusory allegations and legal conclusions devoid of any facts as to Plaintiff's discrimination and defamation claims.

---

[13] *Iqbal*, 556 U.S. at 678.
[14] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[15] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).
[16] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(citing *S. Christian Leadership Conference*, 252 F.3d at 786 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993))).
[17] *Govea v. ATF*, 207 Fed.Appx. 369, 372 (5th Cir. 2006)(quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[18] *Id.* (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513. 514 (1st Cir. 1988)).

As to Plaintiff's discrimination claim, he has failed to allege and set forth any facts identifying his relationship with Defendant and any duty Defendant owed him, which representatives allegedly wronged him on his job, and what alleged wrong was committed against him. And while the Court recognizes that Plaintiff is alleging he was discriminated as a customer, the *Complaint* is devoid of any factual indication as what type of discrimination claim Plaintiff is pursuing (i.e., race, gender, age, disability) against Defendant and whether it arises under federal or state law. The Court finds that Plaintiff's discrimination claim cannot survive a Rule 12(b)(6) motion to dismiss because it is based solely on one conclusory allegation and lacks *any* factual support that would entitle Plaintiff to relief.

For similar reasons, the Court also finds that Plaintiff's defamation claim must be dismissed. Under Louisiana law, "[f]our elements are necessary to establish a defamation cause of action: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater); and (4) resulting injury." The Court has thoroughly reviewed Plaintiff's one-page *Complaint* in search of any factual support for his defamation claim. In sum, the Court has come up empty handed. At most, Plaintiff has offered only one conclusory allegation that he is "having [his] name defamation with lies of sexual harassment on matter." Conclusory allegations alone, however, cannot serve as valid replacements for fact pleading. Even if this allegation were not conclusory, the Court finds that only one of the elements necessary to state a viable defamation claim—the resulting injury element—would have been alleged, requiring a dismissal of the claim. Accordingly, the Court finds that Plaintiff's *Complaint* fails to state a cause of action for defamation under Louisiana law.

As a final form of relief, Plaintiff also asks that "these women ... be fired on the matter." Plaintiff has failed to allege or offer any factual support for who "these women" are, whether they are Defendant's employees, whether they allegedly wronged Plaintiff, and why he seeks their termination. Moreover, the Court has also found no provision under the law that allows a plaintiff to assert a private cause of action for the termination of a defendant's employee. Therefore, the Court further finds that this allegation alone cannot save Plaintiff's *Complaint* from being dismissed on a Rule 12(b)(6) motion.

**ACCORDINGLY**, the Court hereby GRANTS Defendant J.P. Morgan Chase Bank, N.A.'s *Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)* and this matter shall be dismissed with prejudice.[19]

**IT IS FURTHER ORDERED** that all other pending motions are hereby DENIED as moot.

Baton Rouge, Louisiana, this 31 day of October, 2013.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[19] Rec. Doc. 79.

DM No. 629

5